Daly, Ch. J.
The referee, in the brief opinion delivered by him, says that he reached the conclusion that he “could not disbelieve the distinct statement of Mr. and Mrs. Nason, that Mr. Ludington was told, before May 6, 1873, that the gas stocks were the property of the plaintiff,” and upon this finding, he reported that the plaintiff was entitled to judgment. The question involved was whether, upon this point, Mr. and Mrs. Nason were to be believed or the defendant; the defendant swearing positively that when the settlement was made he did not know that the stocks belonged to Mrs. Nason; that Nason had always spoken of them as his stocks ; and that, at the interview with Mm at Montclair, Nason did not say to the defendant that the stocks were Mrs. Nason’s, nor did the defendant say that he knew they were, as the plaintiff and her husband swore to ; that, in that interview, no reference was made whatever to their being her stocks, but that Nason spoke of them “as his stocks always, whilst they were talking about them.”
Great weight is certainly to be attached to the finding of a referee upon a question of credibility, where the plaintiff and her husband distinctly swear to what was said at an interview between the husband and the defendant, and the defendant as distinctly swears that *403 nothing of the kind was said; for the referee had the advantage of seeing and hearing the witnesses testify, who thus directly contradicted each other; and it is especially so in the case of the experienced and learned referee who, in this case, came to the conclusion that the plaintiff and her husband were to be believed, and that the defendant was not. The finding, however, of a referee is not as conclusive upon a question of credibility as the finding of a jury, where witnesses, as in this case, are directly in conflict; for where twelve minds unite in the belief that two of them swear to what was true, and the other to what was false, it is of more weight than the belief of a single mind can be.
The court of appeals have held, in Godfrey v. Moser (66 N. Y. 252), that where there is conflicting evidence in reviewing the report of a referee, it is the duty of the general term to pass upon the facts from the evidence; that its duty in this respect is different from what it is in reviewing a judgment entered upon the verdict of a jury, because in that case the right of reviewing the facts is not conferred; that, in reviewing the facts, proper deference should be awarded by the general term to the judgment of the referee, in cases of serious doubt upon conflicting evidence, especially when it is probable that the appearance of the witnesses or their manner of testifying was, or might have been, controlling in determining the question ; but that these cases are rare, and that in general it is the duty of the appellate court to take the responsibility of examining the evidence and determining the facts for itself.
In this case the conflict is between parties to the suit, who may now be witnesses in their own behalf, and where the parties directly contradict each other in respect to a fact, and a most material one, upon which the decision of the whole case turns—where the contradiction is so direct and positive, that one must *404 be assumed to have sworn to what he knew to be true, and the other to what he knew to be false—the statemetit of each upon its intrinsic probability should be tested by the circumstances of the whole case, and applying such-a test in this case, the weight of probability, in my judgment, is in favor of the truth of the defendant’s statement, and agáinst' that of the plaintiff and her husband. '
The referee could not, or should not, have regarded the testimony of the husband as of weight, in determining whether the plaintiff or the defendant ought to be believed; for the referee has found that the transaction of May 6th, 1872, was an absolute sale by the husband to the defendant, whereas, the husband testified that it was not, but simply a renewal of the previous loan. The husband, Nason, also testified that he told the defendant many times before the 6 th of November, 1872, that the stocks belonged to his wife, and swore positively that at the interview in November, 1871, when the transaction occurred—that is, when Nason received the Rock Island stocks from the defendant and delivered tó him the gas stocks—he told the defendant that the gas stocks belonged to his wife; whereas the referee has found that, at that time, the defendant had no knowledge that the stocks were the property of the plaintiff, and no notice of herownership, except that hername was in the certificate, showing that he disbelieved the testimony of the husband in respect to these two material facts. Having found that Nason had sworn to what was untrue in these two important particulars, he could not have attached any weight to his corroboration of the wife’s statement in a matter in which she.was directly.contradicted by the defendant. A witness thus discredited could afford no support, moral or otherwise, to his wife’s testimony when the question was whether she or the defendant was to be believed. .
*405 The testimony of the wife as to what she heard while sitting in an adjoining room, when the interview took place between her husband and the defendant, was, in my opinion, of a most unsatisfactory nature. Such testimony always regarded as of a very dangerous kind, from the ease with which it can be fabricated ;'and the whole of her testimony in this case was of such a vague, loose and uncertain description as to carry with it little intrinsic weight. It was that she gave her husband a power of attorney in blank to sell the stock, because he wanted it to enable him to collect the dividends ; that her dividends had been collected by him before for her without any such power ; and when her attention was drawn to the fact that the effect of her testimony was that he had collected dividends for her five or six years before this power was given, she then said that she may have collected them herself up to that time ; that she must confess that she was a little mixed in the dates.
The referee found that Nason sold the stocks absolutely when the settlement was effected, and the difference paid by means of the mortgage. His conclusion, evidently, was that Nason’s statement, that the defendant was to keep the stocks for him thereafter, at .seven per cent., for the amount advanced, and that Nason was to keep the margin good, were grossly improbable from the fact that after this settlement the Manhattan stock fell from $250 to $190, and that no call was made by the defendant.for payments to keep up a margin; nor, for several years, did Nason make any inquiry about them, and that it was not until several years afterwards, when the stocks had greatly appreciated in value, that a demand for the return of them was made as the stocks of the plaintiff. The whole case was decided upon the assumption of the referee, that the defendant knew, when the settlement was made, and the stocks sold to him, that they did not belong *406 to Nason but to Nason’s wife ; and this conclusion was founded solely upon her swearing that she heard the defendant admit in her interview at the house, at Montclair, that he knew that the stocks belonged to her—an interview at which she was not present—but the conversation during which she declared she overheard whilst sitting in an adjoining room, the door being ajar.
■ The result arrived at is so unsatisfactory, upon the evidence, that I think the ends of justice would be promoted by setting the report aside and having the question settled by the verdict of the jury. I do not mean to question, in any way, the competency of the distinguished referee by whom the question of credibility was passed upon. I can only say that the impression made upon my mind, by a careful perusal of the whole of the testimony, is very different from that produced upon his mind ; and if my brethren should be of the same opinion, then this is a case in which the court ought to act upon their own impression of the facts. If my brethren agree in this, the report should be set aside, with the suggestion that the question involved should be passed upon by a jury, that the court may hereafter be relieved from the responsibility of passing upon the facts.
Labbemobe and Van Bbunt, JJ., concurred.
Judgment reversed and. new trial ordered, and order of reference vacated, with costs to abide event.
II. November, 1879.
From the decision of the general term the plaintiff appealed to the court of appeals.
A. JR. JDyett, for appellant.
George W. Lord, for respondent.
The court agreed to affirm on opinion of Daly, Ch. J., below.