JAMES K. O. SHERWOOD, Appellant, *v.* SAMUEL T. HAUSER, Respondent.

Where a judgment entered upon the report of a referee is reversed by the General Term, upon questions of fact, in reviewing its decision here the decision of the referee will be upheld, unless it appears to be manifestly against or contrary to evidence. If it appear, upon examination of the whole evidence presented by the record, that it has force sufficient to uphold the findings of the referee, or if the evidence is so balanced, it can be seen that inferences drawn from the appearance and manner of testifying of the witnesses might turn the scale, it may be assumed that there were circumstances of the kind proper for the consideration of the referee, and that they affected his determination, and in such case his conclusions will be sustained.

In an action to recover for services as upon a *quantum meruit* plaintiff is not concluded as to the value of the service by the amount originally claimed in the complaint, where the latter has been amended by increasing the amount, nor is he concluded or impeached by discrepancies between different bills of particulars furnished.

(Argued October 22, 1883 ; decided November 20, 1883. )

THIS was an appeal from an order of General Term revers ing, upon the facts, a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to recover as upon a *quantum meruit* for services alleged to have been rendered by plaintiff for defendant, and for expenses paid.

The opinion commences with this paragraph:

" The General Term has reversed the decision of the referee upon questions of fact, and by this appeal we are required to review its determination. (Code, § 1338.) It is, therefore, our duty to examine the whole evidence, and judge for ourselves whether it has force sufficient to uphold the plaintiff's allegations — if it has, or if the evidence as it appears upon the record is balanced, and we can see that inferences drawn from the appearance and manner of testifying of the witnesses might turn the scale toward the fact testified to, we may assume that there were circumstances of that kind proper for the consideration of the referee, and that they affected his determination as to the degree of credit which should be given to them. In either case his conclusion should stand, for in neither event could it be said to be manifestly against or contrary to evidence. (*Godfrey* v. *Moser*, 66 N. Y. 250; *Westerlo* v. *De Witt*, 36 id. 340; *Crane* v. *Baudouine*, 55 id. 256.)"

The court, after a consideration of the evidence, came to the conclusion that it did not appear either that the referee decided without evidence, or that the weight of evidence was clearly with the defendant, and therefore, that, under the rule laid down, the findings of the referee should be sustained.

The notice attached to the summons asked judgment for $4,364.13. The complaint demanded judgment for $5,800 and interest. On demand of defendant a bill of particulars was served, the total amount of the items in which was $14,890.04. An amended bill of particulars was called for and served, the items in which amounted to $13,275.

Upon the trial, after evidence as to the value of the services, plaintiff moved to amend the complaint. This was granted, so as to change the amount demanded to $7,280 and interest, and the referee directed judgment for that amount.

The court say as to these changes:

" The circumstances adverted to by the ingenious counsel for the respondent have not been overlooked; *i. e.*, the discrepancies between the sum claimed in the summons and the several bills of particulars, showing the various values put by the plaintiff upon his services. But none of these could be in any sense conclusive against him. The amounts stated in the summons, as well as in the other papers, come in as admissions by the plaintiff, and of their discrepancy he gave such explanation as he could. It is not improbable. The suit was commenced in haste for the recovery of an unliquidated demand. The order for a bill of particulars led, it might be supposed, to such computations and reflections as to permit in the opinion of the plaintiff a larger claim, and the demand for a further bill, still more careful scrutiny, and as a result, another change. But the amount was in no case acquiesced in by the defendant, and, if the referee gave a sum less than the largest amount claimed by the plaintiff, it does not follow either that the referee erred, or that the plaintiff was impeached. (*Williams* v. *Glenny*, 16 N. Y. 389.) In that case an attorney presented a bill for services in several suits, in one of which the charge was in round numbers $150; at the bottom of the bill was a statement, unsigned, in these words: 'The above is in full of all demands to this date.' It was not paid, and on suit brought by the attorney, he claimed and recovered $500 in place of $150. This court upheld the judgment, regarding the bill as an admission merely and that the presumption which the paper afforded might be overcome by evidence, entitling the plaintiff to recover the larger sum as on a *quantum meruit*. The same principle applies here. If, as the respondent urges, it is not apparent how the referee arrived at the amount actually due, he should have asked for a specific finding in regard to it."

*Alfred C. Chapin* for appellant.

*Wm. Fullerton* and *Henry S. Van Duser* for respondent.

DANFORTH, J., reads for reversal of order of General Term, and for affirmance of judgment, entered upon report of referee.

All concur, except RAPALLO and EARL, JJ., not voting.

Judgment accordingly.