Bockes, J.
This is an appeal by defendant Vetter from a judgment directed by a referee in favor of the plaintiff against the defendants as co-partners.
This action was for goods sold and delivered. There was no dispute as to the delivery of the property, or its value at $90.53, nor as to the liability of Hettel, but Vetter, the appellant, defended the action on the ground that he was not liable with Hettel as partner. It appears that the defendants had been, and were, co-partners in business for a, considerable time prior to and until about February 5, 1884, just before which time they dissolved their partnership:: *787 also that while such partners they had dealt with the plaintiff as sucll, and that the goods for which the action was brought were delivered in the same way and on the same direction as goods had been theretofore delivered to them; and further, that notice of the dissolution had been published, or general public notice thereof given. The property was delivered in February and March, 1884, immediately following the dissolution. Vetter’s defense rested on the alleged fact of actual notice to the plaintiff of the dissolution, both written and oral. On the trial proof was given on the part of Vetter tending to establish such defense; and counter-proof was also given by the plaintiff, and on all the evidence submitted the referee found for the latter. The referee found that the plaintiff sold and delivered the property in good faith without notice of the dissolution of the defendants’ partnership, believing the partnership to be yet continuing. The evidence bearing on ,the subject was conflicting. That submitted on the part of the appellant was direct and positive, and if credited was conclusive of the question. On the other hand this evidence was flatly contradicted by the proof submitted on the part of the plaintiff, and his denial of notice testified to by himself and agent was equally direct and positive.
The principal evidence on one side was given by the defendant and his wife; and on the other by the plaintiff and his agent, with some corroboration as to each; and it would seem that there was perjury or strange mistake somewhere. Thus it is seen that the case was one purely of fact, dependent to a considerable extent, if not entirely so, on the credibility of witnesses. This being so, it was peculiarly a case for the referee to determine, and his conclusion cannot be properly disturbed on appeal. The settled ruling in this regard has been declared in numerous cases, both in this court and in the court of appeals, among which reference need be made only to Peacock v. Comstock (17 W. D., 252), and Sherwood v. Hauser (94 N. Y., 626), which are decisions of recent date.
Judgment affirmed, with costs.
Learned, P. J., and Landon, J., concur.