Daniels, J.
This litigation has become quite familiar to the general term, and on the last trial the views expressed by it were followed and adopted by the court. The action was brought to establish and enforce stipulations for the discontinuance of two actions, in the marine court of the city of New York, and to vacate a judgment recovered in one of such actions. These stipulations are alleged to have been entered into in compliance with the requirement of the special term,before the judge there presiding would consent to proceed with the trial of an action in favor of the testator and Mary O. 0. Perry against the plaintiff in this suit for the cancellation and surrender of a lease.
In the first action in the marine court the plaintiff had been defeated on a claim made by her for rent alleged to have accrued under the lease, and the second action in that court was brought for an additional installment of such rent. Upon the allegation that the lease had not become binding between the parties, the action was brought by the lessee and her surety, to obtain the cancellation of the lease. It was obvious to the special term that the action for the cancellation of the lease could not be profitably or regularly tried as long as the judgment remained in force in the marine court, which defeated the present plaintiff in her claim to recover rent accruing under the lease. And the court accordingly declined to try the action at the special term until the judgment should be so disposed of by the action of the parties as not to operate as a bar by way of estoppel *465 in the action for the cancellation of the lease. And that an agreement for the discontinuance of the proceedings in the marine court was made by the parties clearly appears by the entry of the fact in the minutes kept by the stenographer at the trial. That entry was that “ By consent the action in the marine court, in which a verdict was rendered, .is discontinued without costs to either party.” So far the fact seems to be beyond the reach of reasonable ground for controversy, but it has been alleged that this agreement before the court was followed by the making of written stipulations to that effect and stipulations have been produced, signed by the plaintiff’s attorney, which conform to the allegations made in her behalf concerning them. The evidence tended further to establish the fact that either the attorney or the counsel, most probably the latter, for the plaintiffs in the action pending before the special term, subscribed like stipulations and delivered them to the attorney for the present plaintiff, and that they were subsequently lost or mislaid,' and for that reason incapable of being produced and carried into effect. This evidence was certainly sufficient, without specially considering the other testimony in the case, to justify the special term in finding the facts to be, as it did find them, that these stipulations were made, and that they were in the form in which it is alleged by the plaintiff in this action they were made, executed and exchanged.
A material part of the dispute upon the trial included a denial of the facts that either stipulation contained the agreement that the judgment in the marine court should be vacated and canceled. But if it did not, the stipulation would be just as effectual without it, for a stipulation to discontinue the action, which was certainly the agreement of the parties, would of necessity deprive the judgment of all its weight or support as a judgment between the parties. And it was so considered in Loeb v. Willis (100 N.Y., 231.) In any view, whether this latter clause was added or not, the present plaintiff was entitled to have that judgment vacated as a consequence of the discontinuance of the action under the agreement entered into between the parties, substantially as a condition to the right to proceed with the trial before the special term. Some additional evidence was produced upon the last trial which did not appear in the case when the second appeal was heard and disposed of, but it failed to materially weaken the case as it was previously presented. Its effect was fully considered by the justice presiding at the trial, and after such consid eration the conclusion was adopted that the case as the plaintiff alleged it, had been made out. And under the *466 rule now applicable to the review of actions tried before the court, this conclusion, supported as it has been by this proof, must be maintained on the present appeal. Sherwood v. Hauser (94 N. Y., 626).
The motion to strike out the evidence of Mrs. Been could not prevail on the simple fact that her cross-examination disclosed the fact that she had previously expressed herself too strongly. That is often the case with witnesses on trials of contested controversies. And it is the object of the cross-examination to correct such expressions. But when they are corrected the object is accomplished. And after that it is not the practice to entertain a motion to strike out the preceding evidence.
The judgment, however, which was entered upon the decision was in one respect unwarranted, and that is in the direction to the clerk of the city court of New York, which was formerly the marine court, to vacate and cancel the record of'the judgment. He was not a party to the action and the court had no authority to affect him by the judgment. Instead of this direction being made it should have directed the defendant as executor within a time prescribed for that purpose to cause the action to be discontinued and the judgment vacated and canceled. In this respect the judgment should be modified by containing such a direction, and requiring him to discontinue the action and to vacate and cancel the judgment, within twenty days after notice of this decision, and as modified the judgment should be affirmed without costs of the appeal to either party.
Brady, J., concurs.