Per Curiam.
This is an action on the covenant in a chattel mortgage to pay the amount thereby loaned. The mortgage was made November 2,3874, by John Brady, the intestate, who died July 29, 1883. And the mortgagee claims the full amount with interest. The referee found that the mortgage had been paid. If he was correct in this decision it is unnecessary to examine the other question.
The evidence to sustain this finding is briefly as follows:
One of the defendants testified that in the fall of 1883, plaintiff said the mortgage had been paid. Another witness stated that after Brady’s death plaintiff said he thanked God he didn’t have any claim against him (Brady); he got out' of him (Brady) all right. The plaintiff substantially denies these conversations.
There is also evidence that plaintiff had found it difficult to get his wages from the deceased when he had worked for him. And that the plaintiff did not pay any attention to see whether the horses, mules and cows covered by the chattel mortgage, had not disappeared from the farm, after the execution of the mortgage.
In connection with this fact is to be taken the long time which the mortgage had been allowed to stand. Taking these facts all into account we are to say whether the referee decided without evidence or whether the weight of evidence was clearly with the defeated party. Sherwood v. Hauser, 94 N. Y., 626. If the evidence was balanced there might have been something in the appearance of the witnesses which influenced the referee. And the court of appeals in the case just cited have said that they may assume that there were such appearances. It is true that the direct evidence in the present case was slight. But the circumstances were such that we might expect the direct evidence to be slight.
We think, therefore, that we should not be justified in *322 reversing the decision of the referee on the question of fact. Hence the judgment must be affirmed, with costs.
Land on and Maykam, JJ., concur.