Learred, P. J.
This is an action to recover for work, labor and services. The defense is that the work, etc., were done for the plaintiff himself, and not for the defendant, ■under a written lease, by which the plaintiff leased from defendant a farm, with cows upon it, and agreed to pay certain rent therefor; also that the items of account were incurred in the performance of the duties imposed by the lease. The defendant set up, as a counter-claim, the rent and certain items due him. The referee to whom it was referred found that the lease was made, but that, about the time when plaintiff was to take possession, a verbal agreement was made that the defendant “would do what was right ” in regard to the cows being thinner in flesh, and so many of them being barren.
He found numerous items in detail, making the account of plaintiff against defendant $646.18; and numerous items of defendant against plaintiff amounting to $297.78. This- *561 amount, with the rent $350, amounted to $647.78. He re-reported in favor of defendant $1.70, with costs. The plaintiff appeals.
An examination of this case shows that it is peculiarly one which a referee is most competent to decide, and in which an appellate court can hardly, with any certainty of doing justice, attempt to disregard his finding and to make new findings for themselves. There is a large amount of testimony and some forty distinct items of account.
In Sherwood v. Hanser (94 N. Y., 626), the general term had reversed the decision of a referee on questions of fact. The court of appeals said: “If the the evidence is balanced, and we can see that inferences drawn from the appearance and manner of testifying of witnesses might move the scale toward the fact testified to, we may assume' that there were circumstances of that kind, proper for the consideration of the referee, and that they affected his determination as to the degree of credit which should be given to them.” (Sic.)
The court came to the conclusion that it did not appear, either that the referee decided without evidence, or that the weight of evidence was clearly with the defendant, and that under the rule laid down the findings of the referee should stand. And they reversed the decision of the general term. This may not be quite in harmony with Godfrey v. Mozer (66 N. Y., 252), where the court said that cases of serious doubt were rare, where proper deference should be awarded to the judgment of the referee; that generally it was the duty of the appellate court to take the responsibility of examining the evidence and determining the facts for itself. But the latter decision should probably control.
The first point of dispute is in regard to the transaction about the first of April. The plaintiff claimed that it was then agreed that the lease should be surrendered. The defendant that there was but a modification, viz., that plaintiff should go on, and defendant would do what was right as to the cows, etc.
And that matter becomes material on the question whether the plaintiff went into possession of the farm as a tenant of defendant, or whether he was on the farm only as the servant of the defendant. Now, on this point, the evidence was contradictory; and we cannot say that the referee decided without evidence, or that the evidence was clearly with the other side. There had been a sealed lease executed January 7 and signed by both parties. There does not appear to have been any actual cancellation or actual surrender of that lease. All upon which plaintiff relies is the conversation, about April first. It seems to us *562 that upon all the evidence the referee’s finding is just and reasonable. The matter of complaint at that time was an incidental affair, respecting the condition of the cows. It seems probable that the parties should have agreed that “ defendant should do what was right,” etc., in this respect, rather than that, without a cancellation or surrender of the written lease, they should have changed their position completely; so that the defendant should work the farm, and plaintiff be only his hired servant.
The plaintiff objects that the referee held him liable for the value of a bull. The defendant had a bull on the farm. By his consent plaintiff traded this bull for another, paying-six dollars. This other bull was kept by plaintiff on the farm, till he moved off in the spring of 1883, when he sold the bull for thirty dollars. The referee charged defendant with this price, less the six dollars paid by him, viz.* twenty-four dollars. The plaintiff claims that he should be charged only ten dollars. It seems by the lease of January, 1881, and also by the lease for 1882, that the defendant was to leave on the place his cows and his bull. It was therefore defendant’s duty to keep a bull on the place. And we think the referee rightfully held that when, with defendant’s consent, his bull was sold and another bought for the farm, the purchase was the defendant’s. The new bull was in the place of the old, and plaintiff’s payment of six dollars on the exchange was for the defendant. If the bull had died, it would have been defendant’s loss.
Next, the plaintiff insists that the referee erred as to certain hay of the plaintiff’s, which was in the barn April 1, 1882, and was used for defendant. The plaintiff claims that he should have the price, as it was in 1883. But we think that the time at which the price was fixed by the referee was correct.
Next, the plaintiff insists that the referee should have allowed plaintiff for the improved condition of the cows at the spring of 1883. But the referee has allowed the plaintiff damage for the cows being thinner in flesh April 1 than January 4, 1881; also for some of the cows being barren. Having thus allowed this damage to the plaintiff, according to the verbal agreement that defendant was to do right, the claim for increased value is not sound.
Objections are made by plaintiff to certain questions put to defendant when on the stand, testifying in his own behalf. The objection that questions are leading is not one to be heard on review. The testimony was proper, as it related to conversations between the parties. It was not necessary that the questions should be in the language used by plaintiff in his testimony.
*563 Another objection is as to defendant’s testifying that he told plaintiff that one Duchworth wrote so and so. ' This was not part of the contents of Duchworth’s letter. It was only proof of what defendant said to plaintiff.
There are several other objections raised as to admission and exclusion of evidence, bub we find no material error.
The judgment is affirmed, with costs.
Bockes, J., concurs.