Learned, P. J.
This is one of three actions, all involving the title of personal property which belonged to Christina Bouck, deceased, wife of John Bouck, in her lifetime.
The property consisted of a note of $1,555, made by John Bouck to her; another of $1,000, made by James Mason to her; another of $400, made by James Mason to her, and a gold watch and chain. She died in 1883, and the defendant was appointed administrator June 16, 1884.
The plaintiff claims to have obtained title to this property during the lifetime of Christina, and brought this action on the note first mentioned.
Bouck, as administrator, sued Pikes in replevin to recover the personal property.
Pikes also sued the $1,000 Mason note. Mason paid the money into court and Bouck, as administrator, was substituted defendant.
The evidence and the decision in this case is by stipulation to apply to all of the cases.
The questions involved are two: Whether Mrs. Bouck was mentally competent to dispose of hér property at the time when plaintiff claims she gave it to him; whether, if competent, she did give it to him.
The case was tried before a referee and he has written an able and carefully considered opinion reviewing the law and the facts and holding the affirmative in both these questions.
In the case of Sherwood v. Hauser (94 N. Y., 626), where the general term had reversed a decision of a referee on questions of fact, the court of appeals held that it did not appear either that the referee decided without evidence, or that the weight of evidence was clearly with the party, against whom the referee had found; and therefore, under the rule which they there laid down, that the findings of the referee should be sustained. Therefore that court reversed the judgment of the general term.
Without the citation of more from the opinion in that *133 case, it can be seen that our inquiry must be whether, in the present case, the referee’s finding was without evidence, or whether the weight of evidence was with the defendant.
We have examined the evidence carefully.
It certainly cannot he said that the referee’s finding as to sanity of the deceased was without evidence, or against the weight of evidence. There were opinions of physicians on each side, as usual. There was evidence as to the conduct of the deceased. She seems to have been coarse, profane, passionate and miserly But we fail to see any acts indicating an insane mind. Some of the witnesses characterized her conduct as irrational. But when the conduct thus characterized is examined, it seems that they considered fits of passion, profanity, and the wearing of dirty clothing and the like irrational. She was, so far as the testimony shows, fully capable of taking care of her property and of making valid contracts.
Nor can the finding of the referee as to the fact of the gift to plaintiff be held to be either without or against the weight of evidence. The plaintiff was called on the stand by the defendant, and stated the fact and the circumstances of the gift. He was corroborated by proof that the property was seen in his possession soon after the time when he says it was given.
For motive, the plaintiff was Mrs. Bouck’s only living brother. She was evidently not on good terms with her husband, the defendant Her only son was about thirty; was not strong; and there seems not to have been that affection between her and him which would he naturally expected. Of course, motive is only important to sustain the probability that the gift was made. She had the right to give, even if a motive could not be discovered.
It does not seem to us necessary or profitable to discuss the evidence, or to refer to cases. If the deceased had mental capacity to give, and did give, then whether the gift was wise or judicious is of no consequence She could do what she would with her own. We have also looked at the exceptions to evidence which the defendant urges, but we find no error in that respect.
The order of the special term granting an extra allowance of costs was very proper.
Judgment affirmed, with costs.
Landon and Bocees, JJ , concur.