Learred, P. J.
This is an action to recover for work done in altering a barn into a house. The defendant claims *624 that the work was imperfectly done, and by such imperfections he suffered damage and had to pay for the proper completion of the work. He also sets up a counterclaim for goods sold. The case was tried before a referee. He finds that the work was imperfectly done in some respects. He finds that the plaintiff should be allowed $151, balance of contract price, and $95.43 for extra work; that defendant should be allowed for goods sold $157.61 and for several specified imperfections in the work, for the making good of which defendant paid $114.80. And he directs a judgment in defendant’s favor for $25.98.
There seems to be no dispute as to the goods sold, or as to the balance of the contract or the extra work. The contest is over the question whether the work was properly done. And this is a disputed question of fact.
In examining this question, we must notice that the case does not show the plans and elevations referred to in the contract and specifications, and which were before the referee. _ And we, therefore, have not as good means of understanding the contract as he had. Thus2 one of the alleged defects relates to the roof, which, it is said, did not shed water. The specifications state that all work exhibited on the plans is to be executed, whether mentioned in the specifications or not. So that it may easily be that the specifications showed something in regard to the roof which does not appear in the specifications.
The evidence is conflicting as to whether the manner of raising the old roof was proper. The defendant claims that the roof was raised with one jack-screw, a small part at a time; and that it was thus wrenched and strained out of shape. The plaintiff claims that his was a proper manner.
There are several other alleged defects, as to nailing the floor, putting in shelving and the like. And on these the testimony is contradictory.
We have examined the case, and we do not see that there is any such weight of evidence in favor of the plaintiff, that we can say that the referee decided against evidence.
The court of appeals have said that the findings of a referee should be sustained, unless he decided without evidence or against the weight of evidence. Sherwood v. Hauser, 94 N. Y., 626. Under this rule the plaintiff has not made a case for reversal.
Judgment affirmed, with costs.
Williams and Landos, JJ., concur.