### GLEASON *v.* MORRISON *et al.*

(*Supreme Court, General Term, First Department.* March 14, 1890.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

Where the evidence is conflicting, with no very substantial preponderance in favor of either party, the verdict of the jury is conclusive.

Appeal from circuit court, New York county.

Action by Robert W. Gleason against Cornelius Morrison and Seymour G. Smith. There was verdict and judgment for plaintiff. Defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*W. H. Townley*, for appellants.   *C. F. Wells*, for respondent.

DANIELS, J. The action was brought to recover compensation for the use of a steam-engine and steam-pump, at the rate of $50 a month, for the period of about 11 months, and also to recover $10 a month for the use of the steam-pump from the 1st of June, 1886, to the 1st of June, 1887. A very decided conflict was presented by the evidence taken at the trial upon the alleged fact that the defendants had hired from the plaintiff the engine and pump, to recover for the use of which the action was prosecuted. But the evidence of

the plaintiff's first witness was quite direct that the engine and pump were hired by the defendants, for the rates of compensation mentioned by him, from the plaintiff. It is true that upon the cross-examination the direct certainty of his evidence, as it was first given, was to a great extent dissipated and changed; but still he adhered to the substantial statement that both the defendants had authorized him to hire these articles for them. It was not as to this fact that the evidence of the witness underwent a material variation, but as to the times and places in which he had conversations with them on this subject; and, while these variations tended to reduce the weight of his evidence, they did not overthrow it, but it was still so direct and certain as to the real issuable fact as to require it to be submitted to the jury. The evidence given by the plaintiff himself as to the presentation of his bill, and repeated demands for payment, directly tended to corroborate the correctness of the statements made by the first witness; for he testified that he applied to each of the defendants for the payment of his bill, and that no denial of their liability was made by either of them. But he was put off, according to his statement, by Smith to see Morrison, and Morrison excused himself for not paying the bill by reason of the want of funds. The case, as the evidence left it when the plaintiff rested, was clearly one for the decision of the jury; and, while the evidence given on behalf of the defendants was directly in conflict with that supplied to sustain the plaintiff's claim, it still remained a case for the jury, depending upon the manner in which they should reconcile the conflicting testimony of the witnesses, or accept the one and reject the other, as they deemed the probabilities of the evidence to warrant them in doing. And where the evidence is of this nature, with no very substantial preponderance in favor of either party, there, according to the rule supported by *Sherwood v. Hauser*, 94 N.Y. 626, the result of the trial must be adopted as conclusive.

The judgment and the order, therefore, should be affirmed. All concur.