KINGSLAND *et al. v.* HALL.

*(Common Pleas of New York City and County, General Term.* January 4, 1892.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

Upon conflicting evidence as to whether an oral lease was made, the verdict will not be set aside on appeal, unless it clearly appears to have been the result of passion, prejudice, mistake, or corruption, or against a striking preponderance of evidence.

Appeal from third district court.

Proceedings by George L. Kingsland and another against John Hall to recover the possession of leased premises for non-payment of rent. There was a verdict for defendant, and from an order entered thereon dismissing the proceedings, plaintiffs appeal. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*John A. Taylor,* for appellants.   *William R. Barricklo,* for respondent.

BOOKSTAVER, J.   The proceeding was commenced in the district court of the city of New York for the third judicial district on the 5th May, 1891, by the service of a precept on the tenant, to which he interposed an answer denying that the landlords were entitled to the possession of the premises, or that the term had expired, or that he held over after the expiration of the term, and setting up a new oral lease of the premises from the plaintiffs for the term of one year from the 1st May, 1891, at a yearly rental of $1,500. The issues so raised were tried by the justice in the court below, with a jury. No exceptions were taken by the landlord to the rulings upon the trial, or to the charge of the justice. The jury found that the landlord was not entitled to the possession of the premises. The reason for this verdict seems to have been that the jury believed that an oral lease for one year had been made between the landlords and the tenant on the 8th April, 1891. There can be no question but that an oral lease for one year to commence *in futuro* is as valid as if it were in writing, and so the only question to be considered on this appeal is whether the verdict of the jury was in accord with justice and based upon the evidence. The chief point of contention was whether or not the oral lease was made as claimed by the tenant. There is sufficient evidence, in our opinion, from which the jury could properly infer that the minds of the parties met at that time, and that a lease was then consummated. It is true that there is much evidence to the contrary of this, but the jury had the advantage of hearing the testimony of the various witnesses, and it was within their province to give such weight to the evidence as they thought proper; and it is not in the power of the court to set aside such verdict unless it is clear that it was the result of passion, prejudice, mistake, or corruption, or without evidence to support it, or so against a striking preponderance of evidence that the exercise of common judgment demands its reversal. *Morss* v, *Sherrill,* 63 Barb. 21; *Sherwood* v. *Hauser,* 94 N. Y. 626; *Bannwart* v. *Brewing Co.,* (Com. Pl. N. Y.) 8 N. Y. Supp. 335; *Dempsey* v. *Paige,* 4 E. D. Smith, 218; *Donohue* v. *Henry,* Id. 164. We therefore think that the final order dismissing the proceedings should be affirmed, with costs.