LORETTA McCONNELL, Appellant, *v.* GEORGE F. BARBER and Another, Respondents.

*Fraudulent conveyance— payment of a claim barred by the Statute of Limitations — agreement to pay compound interest.*

The fact that an indebtedness of a judgment debtor to his wife was, at the time of the transfer of his real estate to her in payment of such indebtedness, barred by the Statute of Limitations, does not necessarily render the transfer fraudulent as to creditors. It is merely a circumstance to be considered in passing upon the good faith of the transfer.

The consideration for such a transfer may be in great part compound interest, since an agreement, made after interest has accrued, to pay interest upon interest is valid.

APPEAL by the plaintiff, Loretta McConnell, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Cortland on the 14th day of August, 1894, upon the decision of the court rendered after a trial at the Cortland Special Term dismissing the complaint.

*B. T. Wright*, for the appellant.

*E. D. Crosley* and *T. E. Courtney*, for the respondents.

MARTIN, J.:

This was an action in the nature of a creditor's bill    Its purpose was to set aside a deed given by George F. Barber to the defendant Marcellie I. Barber.   The defendants were husband and wife.

The Special Term found that the deed was made in good faith, without any intent to hinder, delay or defraud the creditors of George F. Barber, the judgment debtor; that 'it was based upon a good and sufficient consideration; held that the conveyance in question was valid, and directed a judgment accordingly, with costs.

The appellant contends that the findings of the trial court were against the weight of evidence, and should not be upheld.   A thorough and careful examination of the evidence discloses that the question of the intent with which the conveyance under consideration was made, was one of fact to be determined by the trial court. While there were circumstances which, unexplained, might have justified the court in inferring that the transfer was fraudulent, yet, if the court gave credit to the evidence of the defendants and their witnesses, it was sufficient, we think, to justify the decision of the trial court.

Where a review of the facts by an appellate tribunal is proper, it is under no obligation to arbitrarily adopt the conclusions of the trial court.   Yet, great consideration will be accorded to its opinions, especially where there is evidence on both sides and the mind of the court has been called upon to weigh conflicting statements and inferences and to decide upon the credibility of opposing witnesses. In reviewing the determination of a trial court in such a case, the appellate court is not warranted in reversing upon the sole ground that in its opinion the trial court should have reached a different conclusion.   To justify such a course it should appear that the find-

ings of the trial court were against the weight of evidence, or the proof so clearly preponderated in favor of a contrary result that it can be said with reasonable certainty that the trial court erred in its conclusion. ( *Westerlo* v. *De Witt*, 36 N. Y. 340 ; *Crane* v. *Baudouine*, 55 id. 256 ; *Sherwood* v. *Hauser*, 94 id. 626 ; *Baird* v. *Mayor, etc., of City of N. Y.*, 96 id. 567 ; *Lowery* v. *Erskine*, 113 id. 52 ; *Devlin* v. *The Greenwich Savings Bank*, 125 id. 756 ; *Barnard* v. *Gantz*, 140 id. 249.) Applying the doctrine of these authorities to this case, we think the findings of the Special Term should not be disturbed.

The fact that the indebtedness to the wife of the judgment debtor, which was the consideration for this transfer, was barred by the Statute of Limitations, and had been standing twenty-seven or twenty-eight years without the payment of any interest thereon, was a circumstance to be considered by the trial court in determining the question of good faith; but it was not controlling, as the Statute of Limitations might be waived and the transfer be valid as to creditors. (Bump on Fraud. Conv. 220.)

The appellant also insists that, as the consideration for this transfer consisted to a great extent of compound interest, it was invalid. In *Stewart* v. *Petree* (55 N. Y. 621, 623) ALLEN, J., said : " But a prospective agreement, after the interest has accrued, to pay interest thereon, is valid ; and money paid for compound interest cannot be recovered back. So, too, a security for interest upon interest, given after it has accumulated, and in the absence of any prior undertaking to pay it, is valid, and supported by a good consideration." At its last term, in a case in which no opinion was written, this court held that a note payable in future, given for compound interest, was valid, and could be enforced. Following the doctrine of these authorities leads to the conclusion that, if the transaction between the defendants was free from actual fraud or fraudulent intent, the consideration was sufficient to uphold the conveyance in question.

Although it must be admitted that, if the consideration for this transfer was fictitious, and, consequently, fraudulent, and such fraud was participated in by both parties, it would be void, yet, as in this case the court has, upon sufficient evidence, found that the consideration was not fictitious or the transfer fraudulent, that principle has no application.

We are of the opinion that the evidence was sufficient to sustain the findings of the trial court, and the judgment should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.