JOSEPH MANDELL, Plaintiff, *v.* CHARLES CURTIS, Defendant.

City Court of the City of New York, New York County, June 3, 1954.

*Joseph Mandell,* plaintiff in person.

*Samuel A. Reinach, Jr.,* for defendant.

LEFKOWITZ, J. A motion by the plaintiff for summary judgment having been granted, this matter was set down before me for an assessment of damages. The plaintiff brings this action to recover the reasonable value of legal services rendered to defendant.

The evidence adduced before me showed that the plaintiff rendered substantial services to the defendant, from which the defendant derived important benefits, which may be briefly summarized as follows: the defendant's former wife agreed to accept a smaller amount than that which was then owing to her in full payment of arrears of alimony; future alimony payments were reduced in half, from $300 per month to $150 per month; defendant's former wife waived her rights in the estate of the defendant; further reductions in alimony were provided in the event the defendant's former wife should remarry; defendant was relieved of an obligation, which, by an earlier agreement, he had assumed, in connection with the support of his former wife's parents.

These results were not easily or quickly accomplished. There were negotiations lasting over an extended period of time. There was a trial in the Supreme Court which followed extensive services by the plaintiff in the preparation of several motions and memoranda and legal research. The decision was adverse to the defendant. However, after the conclusion of the trial, negotiations for a settlement took place in the chambers of the trial justice, which resulted in an agreement from which the defendant derived the above-mentioned benefits. The plaintiff represented the defendant in the negotiations which resulted in the agreement and also prepared same.

It is plain that the plaintiff performed his services well and skillfully. The skill and competence of an attorney as well as his standing and reputation are factors of importance in determining the reasonable value of his services. Another factor of importance is the results which were obtained. Here these were good beyond defendant's reasonable expectations, as he himself acknowledged at the time. The character and amount of the work done and the time occupied in its performance are also elements to be considered. The amount in controversy is another factor to be considered in connection with the value of an attorney's services. In a case involving alimony, the amount of which necessarily is dependent upon the financial standing of the defendant, it follows, that the attorney's fee bears a relationship to his client's financial position. In dollars and cents, a man with a large income or substantial resources has more to lose, as he has more alimony to pay, than one with a small income or resources. No one factor standing by itself is conclusive; all are to be considered together in making an evaluation. And I cannot overlook the fact that the dollar has been greatly reduced in value. This, too, should have a bearing on attorney's fees, though regrettably these have not increased proportionately with the increase in the cost of maintaining a law office. (See generally for principles applicable to the evaluation of an attorney's fees; *Randall* v. *Packard,* 142 N. Y. 47, and *Martin Foundation* v. *Phillips-Jones Corp.,* 204 Misc. 120.)

Not only did the plaintiff obtain for the defendant the benefits hereinabove indicated, but he also saved the defendant from the necessity of paying a counsel fee to his former wife's attorney, and the costs of the action in which the defendant was unsuccessful were also eliminated. The plaintiff was zealous in saving the defendant every possible penny. It is distressing to see the defendant trying to depreciate the value of his attorney's

services, after these had been completed, in order to avoid paying a reasonable fee.

The plaintiff sent the defendant a bill for $2,363.24, which was inclusive of disbursements and which gave defendant a credit for $350 that had theretofore been paid. This bill was accompanied by a letter in which the plaintiff justly remarked that the bill represented less than the reasonable value of the services which were rendered. The bill was indeed modest. Of course, it is not unusual for an attorney who wishes to retain the good will of his client to charge for his services less than they are worth. After receiving the bill, the defendant made some payments on account but then declined further payment. Thus, there was no accord and satisfaction here, as in *Van Voorhis* v. *Pembroke* (239 App. Div. 143), where the defendant had paid the amount of the bill in full. In that case the court held that " in view of the payment by defendant " of the full amount of the bill " and the acceptance thereof by plaintiffs " there was an accord and satisfaction. But here the defendant rejected and repudiated the bill and may not now reverse his position and elect to stand upon it. Fully applicable here are the cases which hold that the plaintiff's recovery is not limited to the amount set forth in the bill which the defendant declined to pay (*Williams* v. *Glenny*, 16 N. Y. 389; *Sherwood* v. *Hauser*, 94 N. Y. 626; *Prager* v. *New Jersey Fidelity & Plate Glass Ins. Co.*, 245 N. Y. 1, 4).

I find that the plaintiff's services were worth the sum of $3,500 and that he incurred disbursements of $13.24, making a total of $3,513.24. He received on account the sum of $1,200, leaving a balance of $2,313.24.

Judgment is awarded in favor of the plaintiff and against the defendant in the sum of $2,313.24, together with interest from October 28, 1952.

Ten days' stay of execution. Sixty days to make a case.