Same Term. <i>Before the same Justices.</i>

The Farmers' and Mechanics' Bank of Michigan <i>vs.</i> Evans.

The condition of a bond executed by E. to the F. & M. Bank was " that I. & K. shall and will from time to time, as occasion may require, ask for and receive from the said F. & M. Bank certain sums of money at no time exceeding $5000, now if the said I. & K. shall well and truly pay or cause to be paid, to the said F. & M. Bank all such sums as they the said I. & K. may as aforesaid receive, then and in that case this obligation to be void ; otherwise," &c. ; *Held* that it was the intention of the obligor to restrict the whole amount of the indebtedness of I. & K. to the bank, at any one time, to $5000; and that the bank having suffered I. & K. to become indebted to them to a larger amount, E., the guarantor, was not liable upon the bond.

The Farmers' and Mechanics' Bank of Michigan *v.* Evans.

A guaranty should be construed by the same rules that are applied in the construction of other instruments. The leading rule is, to ascertain, from the written instrument, the intention of the parties.

The whole context of the instrument should be considered, and applied to the transaction to which it relates, with a view of ascertaining the intention of the parties.

MOTION by the defendant for a new trial, on a case. The action was debt on a bond, dated May 26, 1835, in a penalty of $10,000. The condition of the bond was "that Justus Ingersoll and Zebulon Kirby, traders in the city of Detroit, under the firm of Ingersoll & Kirby, shall and will from time to time as occasion may require, ask for and receive from the said president, directors and company, certain sums of money at no time exceeding the sum of $5000, now if the said Ingersoll & Kirby shall well and truly pay or cause to be paid to the said president, directors and company all such sums as they the said Ingersoll & Kirby may as aforesaid receive, then and in that case this obligation to be null and void; otherwise," &c. The bond was delivered to the plaintiffs, and on the 17th of August, 1835, they advanced to Ingersoll & Kirby, upon their note, $7000, payable November 15. This note was renewed for $6000, and several other renewals were made, until August 16, 1839, when a renewed note for $6700 was discounted. The $7000 advanced, and the renewals, were upon the credit of the guaranty. It appears from the bank account of Ingersoll & Kirby that they had other moneyed transactions with the plaintiffs.

The jury, under the instructions of the court, found a verdict for the plaintiffs for $7458,74, the amount of $5000, and the interest thereon.

*Verplanck & Martindale,* for the defendant.

*A. H. Worden,* for the plaintiffs.

*By the Court,* MARVIN, J. The construction which I put upon the guaranty renders it unnecessary to examine several other questions discussed on the argument. There is some difficulty in construing the language in the condition of the

bond ; but we must first ascertain and declare its meaning, and then apply to it the rules of law to determine the liability of the defendant.

A guaranty should be construed by the same rules that are applied in the construction of other instruments. The leading rule is to ascertain, from the written instrument, the intention of the parties to it. The whole context of the instrument should be considered and applied to the transaction to which it relates, with a view of ascertaining the intention of the parties. (*Pit. on Principal & Surety*, 26. *Dobbin* v. *Bradley*, 17 *Wend.* 424.)

On the part of the plaintiffs it is claimed that the true construction of the condition of the bond, is that the defendant is only bound to the extent of $5000—that the liability of the defendant, as guarantor, is limited to $5000. It is recited or stated in the condition of the bond, that Ingersoll & Kirby shall and will from time to time, as occasion may require, ask for and receive from the plaintiffs certain sums of money, *at no time exceeding the sum of* $5000. Now if the said I. & K. shall well and truly pay, &c. all such sums as they may as aforesaid receive, then, &c. What application is to be made of the limitation " at no time to exceed the sum of $5000?" It is not probable that this language was intended as a stipulation on the part of Evans that I. & K. should not apply to the plaintiffs for any greater sum than $5000. The plaintiffs were under no obligation to let them have money when they should apply for it. And an assurance or agreement on the part of the defendant that they should not ask for and receive any greater sum than $5000 would be idle.

This restrictive clause follows immediately the language relating to the application for, and the receipt of the money from the plaintiffs, and in this connection limits the amount to $5000. Then follows the condition, viz : If I. & K. shall pay all such sums as they may as aforesaid receive, &c. It appears to me that the defendant intended to restrict the whole amount of the indebtedness of I. & K. at any one time, to the plaintiffs, to $5000. He contemplated that I. & K. would from time to

The Farmers' and Mechanics' Bank of Michigan *v.* Evans

time require money in their business, and he was willing to become responsible for any sums which the plaintiffs should loan them, provided the whole amount should not at any one time exceed $5000. He was unwilling to become surety for I. & K. to the extent of $5000 in case they were permitted to incur a larger debt at the bank. He may have had good reason for imposing this restriction. There are many men very competent to manage a small business successfully, who, when their business is extended, and large liabilities are incurred, become entirely incompetent to its successful management. In the present case, had the plaintiffs limited the indebtedness of I. & K. to $5000, it may be that they would not have been involved in difficulty. They may perhaps have sustained themselves. However this may be, the defendant had a right so to reason; and he had the right, with or without reasons, to prescribe the terms, and to say when and under what circumstances, he would become liable to the plaintiffs as the guarantor of I. & K.; and if the plaintiffs have not brought themselves within those terms, he is not liable. This is not a case where the guarantor is liable for a certain limited sum, although the whole amount of the credits or indebtedness may be much larger.

If my construction of the guaranty is correct, the defendant is not liable in this action. The first act done by the plaintiffs under the guaranty, (as they claim,) was to advance or loan to I. & K. upon their note $7000 ; and this debt, though at one time reduced to $6000, was continued and constantly kept above $5000, until August, 1839, when a note for $6700 was taken. Ingersoll & Kirby, during a considerable portion of the time, were also indebted, in other sums, to the plaintiffs. This is not like the case of *Williams et. al.* v. *Rowlinson,* (3 *Bing.* 72,) cited on the argument. There the amount of the debt was not limited, but the liability of the guarantors was limited to a certain sum. Such was the construction put upon the language of the condition of the bond in that case.

There must be a new trial in this case, costs to abide the event.