HENRY McSHANE COMPANY, Limited, Appellant, *v.* WILLIAM PADIAN, Respondent.

Defendant executed to plaintiff a guaranty of the payment by W., a plumber, "for any and all materials which they may deliver" to him; defendant, however, "not to be liable for any balance exceeding five hundred dollars which may become due." In an action upon the guaranty, *held*, that its language was so clear and unambiguous as to furnish conclusive evidence of its meaning; that it was a continuing guaranty, limited to a balance "which may become due," not exceeding the sum specified, but it did not undertake to regulate the amount of W.'s future transactions with plaintiff; and so, that the receipt of evidence and a finding to the effect that the instrument was not intended as a continuing guaranty, other than for goods sold to be used in the performance of a certain contract, were errors.

(Argued March 22, 1894; decided April 10, 1894.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made March 14, 1892, which affirmed a judgment in favor of defendant entered upon an order dismissing the complaint on trial before a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thomas C. Ennever* for appellant. The written agreement or guaranty was not obtained by misrepresentation and the defendant is bound by it. (*Moran* v. *McLarty*, 75 N. Y. 25.) The defendant is bound by the terms of the writ-

ten guaranty or agreement, and oral evidence is inadmissible to limit or modify the terms thereof. (*Belloni* v. *Free-born*, 63 N. Y. 383.) Even conceding that the surrounding circumstances might be resorted to, yet there was no evidence sufficient to limit or change the terms of the written agreement. (*Gates* v. *McKee*, 13 N. Y. 232; *White's Bank* v. *Myles*, 73 id. 335.) The opinion given at General Term does not properly apply the law to the case at bar. (*People* v. *Lee*, 104 N. Y. 441.)

*William J. Fanning* for respondent. It was proper for the referee to inquire into the circumstances under which and the purpose for which the guaranty was given. (*E. N. Bank* v. *Kaufmann*, 93 N. Y. 280; *W. Bank* v. *Myles*, 73 id. 335; *Hamilton* v. *Van Rensselaer*, 43 id. 245; *Church* v. *Brown*, 21 id. 314; *Rindge* v. *Judson*, 24 id. 65; *Barney* v. *Forbes*, 118 id. 580; *U. S. N. Bank* v. *Ewing*, 131 id. 506; *Bank of Hamilton* v. *Klock*, 73 Hun, 304; *Rapelye* v. *Barley*, 5 Conn. 149; *Fellows* v. *Prentice*, 3 Den. 512; *Christ* v. *Burlingame*, 62 Barb. 351; *Bell* v. *Buen*, 1 How. [U. S.] 169, 186; *A. Bank* v. *Stever*, 18 N. Y. 510; *Gates* v. *McKee*, 13 id. 231; *Bailey* v. *R. R. Co.*, 17 Wall. 105; *Rogers* v. *Warner*, 9 Johns. 119; *Whitney* v. *Groot*, 24 Wend. 82; *Morgan* v. *Boyer*, 39 Ohio St. 324; *White* v. *Reid*, 15 Conn. 457.) The written list of materials submitted by Weigers to plaintiff; the plaintiff's written estimate thereon, and the guaranty given by defendant pursuant thereto, should be read together as constituting one transaction, and parol evidence is admissible for the purpose of connecting these several transactions. (*Sherwood* v. *Hauser*, 94 N. Y. 626; *Baird* v. *Mayor, etc.*, 106 id. 578; *Sistare* v. *Olcott*, 15 N. Y. S. R. 251; *Healey* v. *Clark*, 12 id. 685; *Peacock* v. *Comstock*, 17 Wkly. Dig. 252; *Kreischer* v. *Vetter*, 4 N. Y. S. R. 786; *Wiswall* v. *O'Brien*, Id. 797; *Crim* v. *Starkweather*, 136 N. Y. 635.) A guaranty drawn by the person for whose benefit it is given, and presented by him to the guarantor for signature, will not be construed against the latter as strictly as if it had been drawn by himself. (*Cochran*

v. *Kennedy*, 10 Daly, 346.) It does not appear that any of the payments were applied by plaintiff to any particular indebtedness of Wiegers, and, under these circumstances, it is well settled that the court must apply the payments first to such indebtedness as will release a surety from liability. (*O. C. N. Bank* v. *Moore*, 112 N. Y. 544.)

Bartlett, J. The plaintiff seeks to recover of the defendant upon the following guaranty :

" I, William Padian, hereby guarantee to the Henry McShane Company, Limited, the payment by John P. Wiegers, plumber, to them for any and all materials which they may deliver to John P. Wiegers, I not to be liable for any balance exceeding five hundred dollars which may become due.

" WILLIAM PADIAN.

" Witness, Wm. H. Baarth.

" Dated New York, *March 31st*, '90."

This case was tried before a referee, who held that the guaranty was susceptible of two constructions, and admitted, to quote from his opinion, " oral evidence of the *res gestæ* so as to arrive at the probable intention of the parties." The evidence was admitted against the objection and exception of plaintiff. Upon conflicting evidence the referee found substantially that the guaranty had reference to certain goods sold by plaintiff to John P. Wiegers, to be used in the performance of a contract named, and that before the commencement of this action Wiegers had paid for them; he further found that said guaranty was not intended by the parties thereto as a running or continuing guaranty other than for the goods already referred to, and dismissed the complaint, with costs.

The general term of the court of common pleas for the city and county of New York affirmed a judgment for the defendant entered upon the report of the referee. The question presented on this appeal is whether the language of the guaranty is so ambiguous as not to furnish conclusive evidence of its meaning, and entitles the defendant to prove the circum-

stances under which it was executed, so that the court can construe it in the light of all the facts. If this ambiguity exists the evidence of the circumstances surrounding the execution of this guaranty was properly admitted (*Evansville Nat. Bank* v. *Kaufmann*, 93 N. Y. 281, and cases cited ; *White's Bank* v. *Myles*, 73 id. 341), and as the findings of the referee were made on conflicting evidence they are not reviewable in this court. (*Sherwood* v. *Hauser*, 94 N. Y. 626 ; *N. Y. Fire Department* v. *Atlas Steamship Co.*, 106 id. 578 ; *Crim* v. *Starkweather*, 136 id. 635.) We are, however, unable to agree with the learned court below in its construction of this guaranty. We regard its language as clear, presenting no ambiguity, and as creating a continuing guaranty which, by its terms, limits defendant's liability to any balance, not exceeding five hundred dollars, which may become due, but does not undertake to regulate the amount of John P. Wiegers' future transactions with the plaintiff. The cases are numerous construing instruments of this character, and it is not always an easy task to determine on which side of the line separating continuous from limited liability they belong. In *Whitney* v. *Groot* (24 Wend. at page 84) Chief Justice NELSON remarks : " It is, in most of these cases, a nice and difficult question to determine whether the guaranty is a continuing one or not. The intent of the party to be derived from the words is the only sure guide ; and, therefore, very little aid is to be derived from the adjudged cases as they turn upon the peculiar phraseology of the guaranty." In *White's Bank* v. *Myles* (73 N. Y. at page 341) Judge EARL says : " Precedents do not help much in the construction of such instruments." In *Gates* v. *McKee* (13 N. Y. at page 234) Judge DENIO says : " The cases are not entirely harmonious as to the principles of construction which ought to govern in this class of cases, but the weight of authority is altogether in favor of construing guarantees by rules at least as favorable to the creditor as those which courts apply to other written instruments, irrespective of the consideration that the guarantor is a surety." In the leading English case of *Mason* v. *Pritchard* (12 East,

227) the court said the words were to be taken as strongly against the party giving the guaranty as the sense of them would admit. The Supreme Court of the United States has also expressed the same views. (*Drummond* v. *Prestman*, 12 Wheat. 515 ; *Douglass* v. *Reynolds*, 7 Peters, 113, 122; *Lawrence* v. *McCalmont*, 2 How. [U. S.] 426.)

Applying these principles to the guaranty now under consideration it leads to the construction we have already indicated. The natural and ordinary import of its language discloses an intent on the part of the defendant to guarantee the purchases of Wiegers from plaintiff of any and all materials provided his liability was not to exceed five hundred dollars, on any balance which might become due.

To place upon this instrument the construction contended for by defendant, is to ignore its plain provisions and import into the case an entirely new contract. The defendant contends he was only guaranteeing payment of three hundred and ninety-five dollars worth of specific materials which were to be used in the performance of a certain building contract. On the other hand, the plaintiff states that Wiegers was a young man starting in business and it was customary to require a guaranty in such cases. The evidence in the case shows that Wiegers, after the execution of the guaranty, made purchases of plaintiff aggregating between six and seven thousand dollars and made payments of between four or five thousand dollars, and owed plaintiffs a balance of twenty-two hundred dollars when this action was commenced. We hold, however, that parol evidence was inadmissible as to surrounding circumstances to aid in construing this guaranty, and rest our decision upon the language of the instrument solely. The answer of the defendant alleges that he was induced to sign the guaranty by the false and fraudulent representations of plaintiff, made through its agents. The proof failed to establish this defense and the referee made no such finding.

The judgment appealed from must be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.