(9 Misc. Rep. 490.)

### OIL–SEED PRESSING CO. v. HUTCHISON.

(Common Pleas of New York City and County, General Term. August 1, 1894.)

GUARANTY—CONSTRUCTION.

> Where defendant, in guarantying an account for goods sold, adds: "It will simplify matters if in future you will invoice everything to me, when I will be responsible for same, and send you check,"—his liability for future sales is conditional upon the goods being invoiced to him.

Appeal from second district court.

Action by the Oil-Seed Pressing Company against S. Hutchison. There was a judgment in favor of defendant, and plaintiff appeals. Affirmed.

The action was brought by the plaintiff upon an alleged guaranty of the defendant to recover for goods supplied to one George Hutchison. The terms of the alleged guaranty are as follows:

"Brooklyn, N. Y., 18th April, 1892.

"The Oil-Seed Pressing Co., 114 Broad St., N. Y. City—Dear Sirs: Referring to your conversation with Mr. Hutchison this morning, I will have much pleasure in guarantying the accounts on all goods ordered of you by him, but at the same time I think it will greatly simplify matters if in future you will invoice everything to me, when I will be responsible for same, and send you check when due. I am,

"Yours, truly,                                        S. Hutchison."

Upon the trial it appeared by plaintiff's testimony that after the receipt of the above letter it continued to invoice and deliver the goods to the principal, George Hutchison, and never invoiced any of them to the alleged guarantor, nor apprised her in any way that they were supplying them. At the close of the plaintiff's testimony defendant's counsel moved to dismiss upon the ground that the letter was not an absolute guaranty, but a conditional one, or mere promise to guaranty upon a condition, which condition had never been fulfilled by plaintiff; and also upon the ground that the plaintiff had failed to give legal proof of the defendant's handwriting. Briefs were submitted, and the trial justice rendered judgment in favor of the defendant.

Argued before BOOKSTAVER and BISCHOFF, JJ.

G. H. Pettit, for appellant.
W. W. Culver, for respondent.

PER CURIAM. If a condition is made material by the terms of the guaranty, that condition must be complied with before liability will attach to the guarantor. The instrument under consideration states, in effect: "I will be guarantor for everything sold up to the present time. Hereafter I propose to be the purchaser of these goods; and as to future goods, if you will invoice them to me, I will be responsible, and send you a check when due." The court of appeals has decided in Henry McShane Co. v. Padian, 142 N. Y. 207, 36 N. E. 880, that a guarantor may not be made liable, by a forced construction of the language of the guaranty, for that which he did not undertake, but that the apparent meaning of the words used determines the extent of the liability. We think the judgment should be affirmed, with costs.