(14 Misc. Rep. 230.)

## WEILL et al. v. HECHT.

(Superior Court of New York City, Trial Term. October, 1895.)

GUARANTY—GUARANTOR'S LIABILITY.

In consideration of the extension of "further credit accommodations," defendant guarantied the prompt payment at maturity of all moneys to become due for goods sold by plaintiffs to a third person to the amount of 25,000 francs, the guaranty providing, further, that it should "not extend to the purchase of goods in excess of 25,000 francs in the aggregate." *Held*, that the clause as to 25,000 francs did not limit the amount of dealing between purchaser and plaintiffs, but limited defendant's liability.

Action by Elie Weill and others against Henrietta Hecht on a guaranty. Judgment for plaintiffs.

Chandler & Kremer, for plaintiffs.
Hoadly, Lauterbach & Johnson, for defendant.

McADAM, J. The action is on an instrument in these words:

"New York, Jan. 29th, 1894.

"In consideration of Elie Weill & Co., of Paris, France, extending further credit accommodations to the S. J. Held Company, of New York, I hereby guaranty to the said Elie Weill & Co. the prompt payment at maturity, by the said S. J. Held Company, of all moneys to become due to said Elie Weill & Co. for goods which they may buy and ship for the said S. J. Held Co., to the amount of twenty-five thousand francs, or the equivalent in United States gold coin. And it is understood that the purchases and shipments above mentioned, and hereby guarantied, shall be only such as the said S. J. Held Co. may have ordered or will order from New York, from and after January 1st, 1894. And it is further understood that this guaranty shall not extend to the purchase of goods in excess of twenty-five thousand francs in the aggregate. Henrietta Hecht. [Seal.]"

The guaranty is not confined to one instance, and therefore applies to debts successively renewed. By such an instrument as this a continuing suretyship is created to the specified amount. Merle v. Wells, 2 Camp. 413; Gates v. McKee, 13 N. Y. 232; Rindge v. Judson, 24 N. Y. 64; Bank v. Phelps, 16 Hun, 158; Pratt v. Matthews, 24 Hun, 386; Sickle v. Marsh, 44 How. Prac. 91; Lanier v. Wyman, 5 Rob. (N. Y.) 147; Tootle v. Elgutter (Neb.) 15 N. W. 104; Beakes v. Da Cunha, 126 N. Y. 293, 27 N. E. 251; McShane Co. v. Padian, 142 N. Y. 207, 36 N. E. 880. The writing is known. as a continuing guaranty. Id. The defendant claims that in the latter part of the document a limitation was expressly made the condition of the obligation, as in Bank v. Evans, 4 Barb. 487, and that it was avoided because credit was given to the principal for an amount exceeding 25,000 francs. While it was competent for the defendant to have imposed such a condition, an intention to do so cannot be imputed to the instrument sued upon. The S. J. Held Company owed the plaintiffs considerably more than 25,000 francs at the time the guaranty was given, and the company continued to owe a sum exceeding that amount during the continuance of the account. The guaranty was not intended to reduce the indebtedness, or to limit it, as in Bank v. Evans, supra, but to enable the

S. J. Held Company to extend and enlarge the account. Indeed the guaranty commences by avowing as its purpose "the extension of further credit accommodations" to the company. The guaranty must be construed in its entirety in furtherance of the presumed intention of the parties, and in harmony with the rule of construction that, where the language of a promisor may be understood in more senses than one, it is to be interpreted in the sense in which he had reason to suppose it was understood by the promisee. White v. Hoyt, 73 N. Y. 505. That rule has been frequently applied with all its force to contracts of suretyship. Pratt v. Matthews, supra. In Lawrence v. McCalmont, 2 How. 426, Judge Story said:

"If the language used be ambiguous and admits of two fair interpretations, and the guarantee has advanced his money upon the faith of the interpretation most favorable to his rights, that interpretation shall prevail in his favor; for it does not lie in the mouth of the guarantor to say that he may, without peril, scatter ambiguous words by which the other party is misled to his injury."

See, also, Gates v. McKee, 13 N. Y., at pages 235, 236.

While the authorities agree that contracts of suretyship must be read strictissimi juris, the rule has this exent only,—that when the true meaning of the obligation is ascertained the guarantor has the right to insist that his liability shall not be extended beyond its precise terms. The provision in the guaranty (construed with what precedes it) being in the nature of a proviso limiting the liability of the promisor, and not a limitation, made the condition of the obligation, as in Bank v. Evans, supra. The clause as to 25,000 francs has reference to the guarantor's liability, not to the amount of dealing between the purchasers and the one who gives credit. Gates v. McKee, and other cases, vide supra. Any other interpretation would defeat the very object of the guaranty under consideration. In construing guaranties, which are generally drawn by unprofessional hands, it is next to impossible to find two instruments worded exactly alike,—a circumstance making the application of authorities difficult, and causing Judge Earl to remark, in Schwartz v. Hyman, 107 N. Y., at page 565, 14 N. E. 447, "Very little, if any, aid for the construction of this guaranty can be derived from the reported cases." This controversy, like that, must therefore be determined on its own peculiarities, in view of the relations of the parties, their presumed intention, and upon general legal principles. This brings the contention down to the question of application of payments. The guarantor knew there was a precedent debt owing by the S. J. Held Company, and that the debtors would have to discharge the prior obligation, and cannot now claim that payments credited thereon should have gone on the account guarantied, there being no direction to make such an application of them. Bank v. Webb, 94 N. Y. 467.

It follows that the plaintiffs are entitled to judgment for $4,854.37, with $383.49 interest, aggregating $5,237.86.