(20 Misc. Rep. 680.)

EICHHOLD et al. v. TIFFANY et al.

(City Court of New York, General Term. July 2, 1897.)

1. EVIDENCE—SUFFICIENCY.
    The testimony of a witness that on a previous trial defendant admitted his signature to a paper is sufficient evidence of the making thereof.

2. GUARANTY—EVIDENCE.
    An itemized statement of goods sold and delivered, sworn to be correct, and admitted in evidence without objection, is sufficient evidence of the sale and delivery thereof, in a suit against one guarantying the payment therefor.

3. DECLARATIONS.
    The declarations of the principal made during the transaction of the business, for which the surety is bound, are competent evidence against the surety; but his declarations subsequently made are not competent.

4. BURDEN OF PROOF.
    The burden is upon a defendant guarantor to show that an admission of the principal making a prima facie case for plaintiff is not true.

Appeal from trial term.

Action by Charles Eichhold and another against Charles L. Tiffany and another. From a judgment for plaintiffs, and from an order denying a motion for new trial, Charles L. Tiffany appeals. Affirmed.

Argued before VAN WYCK, C. J., and McCARTHY and SCHUCHMAN, JJ.

C. E. Miller, for appellant.

S. Fleischman, for respondents.

SCHUCHMAN, J. This is an appeal from a judgment entered upon a verdict rendered by a jury, and from an order denying a motion for a new trial, made upon the judge's minutes. This action is brought to recover $1,000 and interest on a written guaranty given by the defendants. The defendant Tiffany is the only defendant who interposed an answer. The written guaranty reads as follows:

"New York, April 15, 1887.

"In consideration of one ($1) dollar paid to us in hand, we hereby guaranty to Messrs. Eichhold and Miller the payments of all goods purchased by Messrs. B. C. Young & Co., St. Louis, Mo., to the extent of one thousand ($1,000) dollars.

"J. A. Williams.
"C. L. Tiffany."

The answer substantially amounts to a general denial. Therefore the plaintiffs, in order to recover, are bound to prove: First. The making of the guaranty by the defendant Tiffany. Second. That the goods were purchased by B. C. Young & Co.; otherwise goods were sold and delivered to B. C. Young & Co. by the plaintiffs between April 25 and September 30, 1887, both dates inclusive. Third. That $1,000 worth of said goods was sold, and has not been paid for. Fourth. That defendants had failed to perform their obligation incurred by said written guaranty, thereby becoming liable to the plaintiffs for the sum of $1,000 and interest.

As to the proof of the making of said written guaranty by the defendant Tiffany, as stated in said first subdivision, the evidence shows that the plaintiff Charles Eichhold testified as follows:

"I saw Mr. Tiffany upon the stand on the previous trial of this case. That paper [referring to said guaranty, Plaintiffs' Exhibit A] was shown to him then. He admitted that it was his signature. (Paper was thereupon admitted in evidence.)"

This is conclusive proof as to the making of said instrument. There is no evidence in the case denying the making and delivery thereof.

As to the proofs as to the sale and delivery of the goods, as stated in said second subdivision, the evidence shows at folio 39 of the printed case that between April 25 and September 30, 1887, the plaintiffs sold and delivered to B. C. Young & Co. goods to the amount of $2,002.-57, and they received on account of that amount $638.42 and $341.04, leaving a balance due of $1,023.11. The evidence further shows, at

folios 64 and 65 of the printed case, that Burnett C. Young, under a commission, testified as follows:

"Q. If you state that your said firm did purchase merchandise of the plaintiffs during said period, state whether or not such merchandise was sold upon an order or orders given by your said firm to the plaintiffs for said goods. A. Yes, sir. Q. Look at the paper here attached, marked 'A,' and state whether or not it contains a correct itemized list or statement of the goods purchased by your said firm from the plaintiffs during said period, and at the times therein respectively stated; and whether or not the prices therein specified are the prices agreed upon at the times of the respective sales; and whether or not the statements of credit therein contained are correct. A. I should say that the statement was correct. (Plaintiffs' counsel offers in evidence the statement which is referred to in these interrogatories, which is attached to the commission. Paper received, and marked 'Plaintiffs' Exhibit B.')"

Plaintiffs' Exhibit B shows all the goods sold, the prices therefor, the credits given, and striking a balance due of $1,023.11. None of this evidence in regard to the sale and delivery of the goods was objected to by defendants.

As to the requirements of the necessary proofs in regard to the facts stated in said third and fourth subdivisions, the evidence is abundant and conclusive. It is true that a rule of law is that the admissions and declarations of the principal debtor are competent against the guarantor, when made in the transaction of the business for which the guarantor is bound, so as to be part of the res gestæ, or when made in a transaction subsequent to the guaranty, and which the guaranty contemplated and authorized; but other admissions and declarations, such as subsequent acknowledgments of having had goods, or the like, are not competent unless brought home to the guarantor. Abb. Tr. Ev. p. 474, subd. 9; Bank v. Darragh, 1 Hun, 111; Moore v. Meacham, 10 N. Y. 207. The said written guaranty is a continuing one. The nature and ordinary import of its language discloses an intent on the part of the defendants to guaranty the purchase of B. C. Young & Co. from the plaintiffs of all goods, provided their liability does not exceed $1,000. McShane Co. v. Padian, 142 N. Y. 207, 36 N. E. 880. The defendants were sureties for B. C. Young & Co. to the plaintiffs. They had bound themselves by their said written guaranty to indemnify the plaintiffs for sales and delivery of goods made to said B. C. Young & Co. In such a case the plaintiffs, holding the guaranty, claiming indemnity from the indemnitors, must prove it by evidence competent against them. The plaintiffs cannot prove it upon the mere admissions and statements of the principal, however formally made. The declarations of the principal made during the transaction of the business, for which the surety is bound, so as to become part of the res gestæ, are competent evidence against the surety; but his declarations subsequently made are not competent. The surety is considered bound only for the actual conduct of the party, and not for whatever he might say he had done, and therefore is entitled to proof of his conduct by original evidence, excluding all declarations of the principal made subsequent to the act to which they relate. The engagement was to pay for such goods as should be purchased by or sold and delivered to B. C. Young & Co., not which they should acknowledge to have received. Hatch v. Elkin, 65 N. Y. 489.

The identity of B. C. Young & Co., the principals mentioned in said written guaranty, being composed of Young and Bruns, and for whom the defendants were sureties, is abundantly proved by the evidence. Furthermore, duplicate bills of the goods sold and delivered to said B. C. Young & Co. were sent to the surety Tiffany, pursuant to an arrangement with him.    Bank v. Myles, 73 N. Y. 335.

The appellant excepted to that much of the charge of the trial judge which says:

"A surety is not bound by the statement of the principal. If you procure a party to become your guaranty or surety, the mere admission that you are indebted to a seller of goods in so much money would not bind the guarantor for such, but such evidence goes to make up what is called prima facie case for the seller. He may rest upon that admission, and the burden then is upon the guarantor to show that the admission is not true."

The appellant claims that the burden of proof does not continue upon the plaintiff throughout the trial to establish his cause of action, and because some evidence is given to prove his case the burden of proof is shifted, and rests upon the defendants. We cannot admit that the import of the judge's words used amount to the appellant's contention. The judge charged in the beginning of his charge that the law imposes upon the plaintiffs the duty of establishing the allegations in their complaint by a fair preponderance of evidence, and he says simply that after the plaintiffs have made out a prima facie case it rests upon the defendants to adduce evidence to controvert what the plaintiffs are bound to prove in the first instance. Trust Co. v. Siefke, 144 N. Y. 354, 358, 39 N. E. 358; Whitlatch v. Casualty Co., 149 N. Y. 45, 43 N. E. 405. These two cases hold that the burden of establishing all material issues tendered by the plaintiff by a preponderance of evidence is always on him, and that the defendant has only the burden of proof in that respect in regard to any affirmative issue tendered by him.

The case was fairly submitted to the jury, and they, by their verdict, have settled the conflicts of evidence. Their verdict is fairly supported by the evidence in the case, and, although some evidence may have been admitted which was objectionable under the rules hereinbefore laid down, we maintain that that did not inure to the injury of the defendants. We maintain that substantial justice has been done by the jury's verdict.

Judgment and order appealed from affirmed, with costs.    All concur.