Bubke, J.
 

 The present claim for moneys due under a contract involves the interpretation of the contract and three subsequent agreements extending claimant’s time for completing performance under the contract.
 

 ' On September 15, 1955 the parties entered into a contract whereby claimant was to do certain construction work in connection with New York State highways. The contract provided that claimant’s work was to be completed on or before December 1, 1956, and that engineering and inspection expenses incurred
 
 *27
 
 by defendant from the agreed completion date to the final date of completion of the work could be charged to claimant and deducted from the final moneys due. On November 3,1956 claimant applied for an extension of the time of completion to August 31,1957. This application was granted “ with charges for Engineering and Inspection after December 1, 1956”. On August 29, 1957 a similar application for an extension to December 31, 1957 was made and granted “with charge for Engineering.” On June 21, 1958 claimant applied for a third extension of the time of completion to August 1, 1958. On July 3,1958 claimant was sent a copy of a letter from defendant’s Deputy Chief Engineer to defendant’s Comptroller stating: “ Extension is granted to: August 1,1958 with engineering and inspection charges after December 31, 1957 ”. Although prior to July 3, 1958 claimant had been orally asserting a claim for extra payment for work not within the contract, he executed a final estimate and agreement without reserving or making any reference to this claim. At no time did a representative of defendant admit the validity of this oral claim. On December 11, 1958 defendant’s Comptroller transmitted and tendered to claimant final payment in the form of a check representing the balance of the moneys still due under the contract, less the expenses incurred by defendant for engineering and inspection charges from December 1, 1956 to December 31, 1957 and from January 1, 1958 to July 30, 1958. Claimant returned the check and filed this claim for the balance of moneys due under the contract less only the undisputed engineering and inspection charges incurred after December 31,1957.
 

 In the Court of Claims claimant successfully contended that the statement in the third extension agreement,
 
 ‘1
 
 Extension is granted to: August 1, 1958 with engineering and inspection charges, after December 31, 1957 ”, was an agreement by the State not to make such charges for the period
 
 prior
 
 to December 31, 1957. However, the evidence is insufficient to support that court’s finding that claimant had been induced to believe that the State would not assess any engineering or inspection charges for that period. Not only did he specifically agree, in all three applications for extensions of time, to bear such charges “ from the completion date originally fixed in the contract to the final completion of the contract ” but he was also informed by the defendant that the extensions were granted with these engineer
 
 *28
 
 ing charges. Further, claimant admitted that defendant never told him that he would not be charged with engineering expenses incurred prior to December 31, 1957 and that he was “ certainly aware of the fact that, as the extension of time was granted [in the first two extensions], it was with engineering charges to be assessed.”
 

 This is not a case in which an innocent promisee relies on the terms of a promise to his detriment. In those eases
 
 “
 
 The promise, if uncertain, was to be taken in the sense ‘ in which the promisor had reason to suppose it was understood by the promisee ’ ”
 
 (United States Rubber Co.
 
 v. Silverstein, 229
 
 N.
 
 Y. 168, 171). Here the claimant did not complete his contract in reliance on the fact that he would not incur engineering charges prior to December 31,1957. The completion of his performance was an obligation incurred under the original contract. The contract provided that, if the job were not completed by December 1, 1956, engineering and inspection expenses incurred by the State could be charged to claimant and deducted from the final moneys due. The State was not required to grant the extensions of time, and the fact that it did so, subject to the charges in question, cannot give claimant any greater rights under the contract merely because he thought, through some “ secret operation of his own mind ”
 
 (Wood
 
 v.
 
 State of New
 
 York, 15 A D 2d 723, 724), that the State was granting him an extension without prior charges. What the claimant thought the State meant by its third extension letter is of no importance, since it did not change his obligations under the contract. His reliance on this belief was at his own risk. Claimant testified that he knew, at the time he signed the final agreement, that some engineering charges were going to be deducted, but he did not know the amount. Claimant could have ascertained the charges incurred for engineering and inspection before signing the final agreement, if he had requested the information, but he did not. Under those circumstances, claimant was not justified in relying on his interpretation.
 

 Since, therefore, the trial court’s finding that claimant’s version of the third extension agreement became a part of the final agreement is rebutted by the documentary evidence, the State is not bound by the claimant’s impression of the agreement.
 

 
 *29
 
 Finally, the State tendered to claimant the amount due under the contract. Therefore, by the terms of the contract, claimant is not entitled to interest on the tendered amount.
 

 Accordingly, the judgment appealed from should be reversed and the claim dismissed, with costs in all courts.
 

 Judges Dye, Fuld, Fboessel, Van Voobhis and Fosteb concur with Judge Bubke ; Chief Judge Desmond dissents and votes to affirm because on the whole record the issue was one of fact put beyond our reach by the affirmance of the Appellate Division.
 

 Judgment reversed, etc.