(48 Misc. Rep. 513)

### LAMPORT v. GREENBERG et al.

(Supreme Court, Appellate Term.    November 24, 1905.)

GUARANTY—CONSTRUCTION—SUBSEQUENT SALES.

Where defendants signed a guaranty by which they guarantied to plaintiff "the sum of $100, the amount which they will sell" to a certain company, etc., such guaranty was not a continuing one, covering an indefinite number of purchases to the sum of $100, but should be construed only to cover the first purchase of $100 worth of goods.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Nathan Lamport against Herman Greenberg and another. From a Municipal Court judgment in favor of plaintiff, defendants appeal.    Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Samuel Rosenberg, for appellants.

Horace London, for respondent.

PER CURIAM.    On September 18, 1902, the defendants executed a written guaranty to the plaintiff, in behalf of the Fawer Slipper Company, as follows:

"In consideration of $1.00, paid to us by Lamport, we hereby guaranty the sum of $100, the amount which they will sell to the Fawer Slipper Company, that, in case of their failing to pay, we will pay the same on demand, after 30 days from date of purchase."

Plaintiff sold goods to said Fawer Slipper Company and took notes from said company for the amount, or part thereof, due for such purchases.    Defendants claim that this was an extension of credit, and

relieved them from their guaranty. When the notes were not paid, plaintiff sued defendants on the guaranty. It is the claim of plaintiff that defendants agreed to the taking of the notes, at the time they were made, and he produces a witness, an employé of plaintiff, who swears:

"I told him [Greenberg] that Mr. Lamport [the plaintiff] sent me down to ask Mr. Greenberg whether the acceptance of the notes would be satisfactory to him. in payment of the Fawer Slipper account, and he said it would be all right."

There is a conflict of testimony, but the court believed plaintiff's witnesses, and gave judgment for plaintiff for $72.80. There has been no revocation of the guaranty or termination thereof by defendants, either verbally or in writing. Defendants, however, claim that it was intended to cover merely the first purchase made by the company of plaintiff to the extent of $100. The defendant Greenberg swears: ."I gave a guaranty of $100 for the first purchase." This assertion does not appear to be directly contradicted by the plaintiff, although the theory of plaintiff's case was that the guaranty was continuous. It appears that goods were sold to the company by plaintiff, after the making of the guaranty, to the extent of $268.55; that of this sum $123.75 were apparently paid in cash; that $120 were paid, in five notes of $24 each, of which notes two remain unpaid; that the amount of these unpaid notes—i. e., $48—together with the $24.80, the amount remaining due and not included in any of the notes, make up the $72.80, sued for in this action. It will therefore be observed that the first purchases, to the extent of a greater sum than the amount of the defendants' guaranty, have been paid for. The wording of the guaranty itself would seem to imply that it was intended to cover only the first $100 worth of goods purchased. It reads:

"* * * We hereby guaranty the sum of $100, the amount which they will sell to the Fawer Slipper Company," etc.

That is to say, the plaintiff was to sell $100 worth of goods to the company, which defendants were to guaranty would be paid for. This language hardly seems to imply that the guaranty is to cover an indefinite number of purchases up to the sum limited of $100. It seems to us that the court below misconstrued the meaning of the guaranty.

The judgment is reversed, and a new trial is granted, with costs to appellant to abide the event.