### JACOCKS v. MORRISON.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

1. CONTRACTS (§ 327*)—CONDITIONS PRECEDENT—PERFORMANCE.

Where defendant agreed to procure a conveyance to plaintiff's assignor of 15 acres of land owned by a copper company, to be selected by such assignor out of one of the plots owned by the company, or in default to pay the assignor $3,500 in cash, the selection of a particular 15-acre plot by plaintiff or her assignor was a condition precedent to defendant's liability for failing to procure the conveyance.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1563–1570; Dec. Dig. § 327.*]

2. CONTRACTS (§ 332*)—BREACH—CONDITIONS PRECEDENT—PLEADING.

A complaint alleged that defendant agreed with plaintiff's assignor to procure a conveyance to him of 15 acres of land owned by a copper company, to be selected by such assignor out of one of the plots owned by the company, or in default to pay $3,500 in cash, and that such conveyance had not been procured, and that the $3,500 therefore became due. *Held*, that the complainant's failure to allege that plaintiff or her assignor had selected the particular plot to be conveyed was not cured by a further allegation that a demand had been duly made by plaintiff, after the con-

tract had been assigned to her, that defendant should perform such agreement.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1636; Dec. Dig. § 332.*]

3. CONTRACTS (§ 332*)—CONDITIONS PRECEDENT—PERFORMANCE.

Where a contract provided for a conveyance of certain land to be selected by plaintiff's assignor, death or incapacity of plaintiff's assignor to make such selection as a condition precedent to defendant's liability for breach of the contract, in order to constitute an excuse for nonperformance thereof, must be pleaded.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1634; Dec. Dig. § 332.*]

4. CONTRACTS (§ 332*)—PERFORMANCE—CONDITION PRECEDENT—PLEADING.

Where a contract to procure a conveyance of certain land required that the land be selected by plaintiff's assignor, and because of death or other incapacity such selection devolved on plaintiff after the assignment of the contract to her, her complaint for breach of such contract should allege a selection by her.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1636; Dec. Dig. § 332.*]

Appeal from Special Term, New York County.

Action by Emily H. C. Jacocks against Lewis J. Morrison. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Herbert R. Limburg, for appellant.
Dudley Dupignac, for respondent.

HOUGHTON, J. The complaint alleges that the defendant agreed with plaintiff's assignor, one George M. Jacocks, that he would procure to be conveyed to him 15 acres of land owned by the Federal Copper Company, "to be selected by the said George M. Jacocks out of one of the plots owned by the said company," or in default of such conveyance to pay to him the sum of $3,500 in cash, and that such conveyance was not procured, and that therefore the $3,500 became due. The defendant demurred to the complaint on the ground that it did not state a cause of action, and the demurrer was overruled.

The chief defect of the complaint is that it is not alleged that George M. Jacocks selected any particular 15-acre plot. The complaint is fatally defective because of the omission of such an allegation. Under the contract set forth in the complaint the defendant was not liable to pay the stipulated amount until he was put in default by failure to procure conveyance. He could not be guilty of such failure until the particular plot had been selected, for selection was a condition precedent.

The defect was not cured by the allegation that "a demand was duly made by the plaintiff," after assignment of the contract to her, that the defendant should perform his agreement by causing such conveyance to be made, because, so far as appears from the allegations, defendant did not know and could not know what particular 15-acre

plot George M. Jacocks or the plaintiff desired should be conveyed. If from death or incapacity George M. Jacocks could not make the selection, such excuse should have been pleaded. If from such an event selection devolved upon the plaintiff, after assignment of the contract to her, the complaint should have alleged a selection on her part.

The interlocutory judgment overruling the demurrer must be reversed, with costs, and the demurrer sustained, with costs, with leave to plaintiff to serve an amended complaint on payment of costs of this appeal and of the court below. All concur.