## JACOCKS v. DESSAR et al.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

1. CONTRACTS (§ 332*)—BREACH—CONDITION PRECEDENT—COMPLAINT.

Where defendants contracted to procure a conveyance of certain land to plaintiff's assignor, to be selected by him, a complaint failing to allege the selection was demurrable.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1636; Dec. Dig. § 332.*]

2. GUARANTY (§ 36*)—CONSTRUCTION—GENERAL PERFORMANCE—PAYMENT.

Where defendants jointly and severally guaranteed the conveyance to plaintiff's assignor of a 15-acre tract, to be selected by him from other tracts, or in default to pay such assignor $3,500, the guaranty was one of general performance and payment.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1636; Dec. Dig. § 36.*]

3. GUARANTY (§ 85*)—ABSOLUTE UNDERTAKING—ENFORCEMENT AGAINST PRINCIPAL.

A guaranty of payment or performance is an absolute undertaking, imposing liability on the guarantor immediately on default of the principal, regardless of whether any steps are taken to enforce the liability of the principal debtor, and it is therefore unnecessary, in a suit thereon, for plaintiff to allege the exhaustion of her remedy against the principal.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 99; Dec. Dig. § 85.*]

Appeal from Special Term, New York County.

Action by Emily H. C. Jacocks against Leo C. Dessar and another. From an interlocutory judgment overruling defendants' demurrer to the complaint, they appeal. Reversed, and demurrer sustained.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Herbert R. Limburg, for appellants.
Dudley Dupignac, for respondent.

HOUGHTON, J. The complaint sets forth the same facts alleged in Jacocks v. Morrison (decided herewith) 113 N. Y. Supp. 322, and in addition that the defendants jointly and severally guarantee the conveyance of the 15-acre plot, or in default thereof the payment of the $3,500. The complaint in this action is therefore defective in fail-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing to allege selection of the particular plot to be conveyed, and the overruling of the demurrer was error for that reason.

Another ground, however, is urged, which we deem untenable, and which it is proper for us to decide, and that is that it was incumbent upon plaintiff to allege that she had exhausted her remedy against the principal, Morrison, before resorting to the defendants as guarantors. The guaranty alleged is one of general performance and payment. A guaranty of payment or of performance is an absolute undertaking, imposing liability upon the guarantor immediately upon default of the principal, regardless of whether any steps are taken to enforce the liability of the principal debtor. Wood v. Tunnicliff, 74 N. Y. 38; 20 Cyc. 1450. It was not necessary, therefore, for the plaintiff to allege the exhaustion of remedy against Morrison, the principal.

Because of the other defect, however, the interlocutory judgment overruling the demurrer to the complaint must be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend upon payment of costs in this court and the court below. All concur.