## ROAKE v. DI MARCO.

(Supreme Court, Appellate Division, Second Department.  March 27, 1914.)

GUARANTY (§ 36*)—CONSTRUCTION—SCOPE AND EXTENT OF LIABILITY.

Defendant executed to plaintiff the following written guaranty: "I understand from Sullivan Parisano  *  *  *  that you are to supply him with building material to the amount of $270.00, of which you have received $50.00.  *  *  *  I am willing to secure you for the balance which is $220.00," etc.  *Held*, that the $220, the payment of which defendant guarantied, was not a limit for a standing credit, but was exhausted when the sales amounted to $220.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 38–45; Dec. Dig. § 36.*]

Appeal from Westchester County Court.

Action by Charles G. Roake against Antonio Di Marco.  From a judgment for plaintiff, defendant appeals.  Reversed.

Argued before JENKS, P. J., and CARR, RICH, STAPLETON, and PUTNAM, JJ.

Solomon Goodman, of New York City, for appellant.
C. C. Fenno, of White Plains, for respondent.

PER CURIAM.  On April 16, 1912, defendant gave this written guaranty:

"I understand from Sullivan Parisano, of No. 6 Third street, New Rochelle, that you are to supply him with building material to the amount of $270, of which you have received $50.  That the balance is to be paid at the rate of $50 per month.

"I am willing to secure you for the balance, which is $220, should Sullivan Parisano fail to do so, by sending you the sum of $50, my personal check to your order on the 15th days of each and every month, until the sum of $220 is paid."

Plaintiff supplied materials, delivering on April 16th lumber and nails to the amount of $86.55, towards which the principal debtor had already paid $50.

By April 26th, plaintiff had delivered materials up to $269.60, but up to November, the total sales aggregated $369.26, against which the debtor's part payments amounted to $185.  Plaintiff testified that he had always kept the balance due him under $220.  Judgment was given for the balance of the final account—$206.26—with costs.

This appeal raised the question of the intent and scope of the guaranty.  Was the $220, mentioned, a limit for a standing credit, or was that sum (plus $50 then paid) the limit upon the entire sales?

The first sentence of the above letter limits its scope.  It contains a recital, very precise and definite, of the amount of material to be furnished, namely, $270, on which $50 had been paid; the $220 balance to be payable $50 monthly.  The trial proofs did not show any error in this summary of the original agreement.  Thus defendant showed just how and for what payments he was "willing to secure" plaintiff, and confined it to a single transaction as definitely as if his

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

guaranty had been indorsed upon a written contract for lumber sales. After furnishing $270 worth of material, there are no words looking to further supplies or carrying the dealing beyond the first sales, as in McShane Co. v. Padian, 142 N. Y. 207, 36 N. E. 880. Sales to that amount reached the limit imposed by defendant, and exhausted his guaranty. Fellows v. Prentiss, 3 Denio, 512, 45 Am. Dec. 484; Lamport v. Greenberg, 48 Misc. Rep. 513, 96 N. Y. Supp. 143; Sherman v. Mulloy, 174 Mass. 41, 54 N. E. 345, 75 Am. St. Rep. 286.

The judgment and order of the County Court of Westchester County must therefore be reversed, with costs of appeal to defendant, and judgment for the plaintiff for $35, with appropriate costs to defendant.