THE CUSTELOID COMPANY, INC., Plaintiff, *v.* JOHN GRAUBARD, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, February 25, 1926.

Guaranty — action upon written instrument by which defendant agreed to " assume the liability " of debts of another " until further notice " — defendant obligated to pay amount of credits extended and to be extended until cancellation of guaranty.

An instrument in writing by which the defendant " assumed the liability " of certain credits extended by plaintiff to a third party " until further notice " is a primary guaranty and obligates the defendant to pay the plaintiff the amount of the credits extended and to be extended by plaintiff to said third party to the date when notice shall be given by defendant that he will no longer be liable.

ACTION upon a written guaranty by the defendant to pay debts due to the plaintiff from another.

*Samuel Rubin*, for the plaintiff.

*Henry Goldstein*, for the defendant.

PANKEN, J. This action is based upon an instrument dated New York, January 5, 1922, which reads as follows:

" CUSTELOID COMPANY,
        " Woodhaven, N. Y.

" GENTLEMEN.— Confirming my conversation with your Mr. Lefkowitz regarding certain credits extended by your firm to the

Union Export & Import Co., Inc. of 75 Beekman St., New York, I herewith assume the liability of said credit, until further notice. Trusting this will prove satisfactory, I beg to remain.

> " Respectfully yours,
>
> " JOHN GRAUBARD."

The defendant contends that the paper which is marked in evidence was a guaranty to pay debts due from the Union Export and Import Company to the plaintiff herein on the date of the execution of the instrument; that it in no wise was a guaranty to pay any debts incurred after January 5, 1922; that the term " credits " used in the instrument referred to " credits " extended by the plaintiff to the Union Export and Import Company prior to the 5th of January, 1922.

There was testimony given by the defendant in the following manner: " Q. You wrote this letter at his suggestion?  A. Yes. Q. Guaranteeing the accounts?   A. Guaranteeing the accounts that were extended to the Union Export & Import Company at that time."

In support of the contention of the defendant that this guaranty was for credits extended to the Union Export and Import Company prior to January 5, 1922, they cite the case of *Lamport* v. *Greenberg* (48 Misc. 513). As I read that case I find that the defendant in that case testified: " I gave a guaranty of $100 for the first purchase."

The instrument upon which the plaintiff in that action sued read as follows: " In consideration of $1.00, paid to us by Lamport, we hereby guarantee the sum of $100, the amount which they will sell to the Fawer Slipper Co., that, in case of their failing to pay, we will pay the same on demand, after 30 days from the date of purchase."

The instrument, together with the testimony as above quoted indicates clearly a guaranty limiting the liability of the guarantor to one sale to the Fawer Slipper Company in the sum of $100, and which the guarantor agreed to pay within thirty days from the date of purchase. In the case before me the defendant testified that he was " Guaranteeing the accounts that were extended to the Union Export & Import Company at that time." That is the extent of the testimony in the record explanatory of the instrument upon which suit was brought.

It may well be that if testimony were adduced showing that that was the understanding between the parties at the time of the execution of the guaranty, and that there was a meeting of minds between the parties that the guaranty was to be limited to credit

" extended prior to the execution of the guaranty," the liability in this case would have been limited to the extent indicated in the answer of the defendant. There is, however, no such evidence. The testimony is a conclusion of the defendant, or at best his intent at the time he sent the letter to the plaintiff.

The rule of law now is that instruments must be construed in the light that the parties might fairly and reasonably be expected to understand them. The instrument before me contains this language: " I herewith assume the liability of said credit, until further notice." It is fair and reasonable to expect that the common understanding of this clause would be that the defendant assumes liability for credits extended to the Union Export and Import Company, Inc., until notice is given by the guarantor that he would no longer be liable. A fair construction of this clause would also carry with it an assumption of the liability for credits extended existing at the time of the execution of the guaranty.

There would be no sense in assuming liability for debts existing and revocable at will of the guarantor. That would be a strained construction of the above referred to clause. It would seem to me that the reasonable construction that could be placed upon this paper by the plaintiff would be that defendant assumes liability for any credits extended and to be extended by the plaintiff until further notice.

I conclude that the paper in evidence is a primary guaranty. The following language appears in the body of the instrument: " I herewith assume the liability of said credits." When a person assumes liability for debts on credit extended to another, he is answerable for the amount, regardless as to whether or no all attempts to collect from the persons or corporations whose liability he assumes have been exhausted.

The rule of law governing guaranties of this kind is that a guaranty of payment of an obligation of another is an undertaking imposing liability upon the guarantor to pay upon the default of the principal debtor.

In this case there is no dispute between the parties that the principal debtor has failed to make payment of the debt incurred. As a matter of fact the evidence discloses that suit was brought, and that the answer interposed by the principal debtor was withdrawn, that the judgment was permitted to be entered on such withdrawal, and that judgment has never been paid. No execution was issued. Issuance of an execution as against the property of the principal debtor in this case would have been a futile act. The evidence of the officer of the principal debtor amply proves that.

In the case of *Jacocks* v. *Dessar* (129 App. Div. 286) the court says: " The guaranty alleged is one of general performance and payment."

In the case before me there is an assumption of the debt which requires payment. Further on, the court in the same case says: " A guaranty of payment or of performance is an absolute undertaking imposing liability upon the guarantor immediately upon default of the principal regardless of whether any steps are taken to enforce the liability of the principal debtor. * * * It was not necessary, therefore, for the plaintiff to allege the exhaustion of remedy against Morrison, the principal."

In the case before me the plaintiff went beyond that. He attempted to collect, and was informed that there was nothing to collect upon.

By a letter in evidence it appears that the plaintiff immediately upon the entry of judgment notified the defendant herein of his inability to collect from the principal debtor. The fact, therefore, that he had waited some months before he brought suit against the defendant herein for the sum due from the principal debtor does not avail to the defendant. The Statute of Limitations in this case would begin to run from the day of the accruing of the chose in action. Under my construction the chose in action arose on the day when the principal debtor became liable and failed to answer for such liability.

It follows, therefore, that the plaintiff is entitled to judgment against the defendant for the sum of $888.99. Judgment directed accordingly.